Filed 10/11/13  P. v. Kelly CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN LEROY KELLY,<br><br>    Defendant and Appellant. | F066241<br><br>(Super. Ct. No. LF009086A)<br><br><br>**OPINION** |

-ooOoo-

## <u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Levy, J. and Cornell, J.

The following was alleged in a criminal complaint filed May 23, 2012: Appellant, Kevin Leroy Kelly, committed second degree burglary (Pen. Code, §§ 459; 460, subd. (b)) and three other felonies; as to each charged offense, he was ineligible for a county jail sentence due to prior convictions (Pen. Code, § 1170, subd. (h)(3)); he had suffered three "strikes";[1] and he had served seven separate, prior prison terms for felony convictions (Pen. Code, § 667.5 subd. (b)).

On October 12, 2012, pursuant to a plea agreement, appellant pleaded no contest to the second degree burglary charge and admitted one strike and one prior prison term enhancement allegation. In that same proceeding, the court, consistent with the plea agreement, dismissed, on the condition that the plea agreement remain in effect, the remaining substantive offense charges, special allegations, and the charges in a separate case. Also consistent with the plea agreement, on October 18, 2012, the court struck the single strike appellant had admitted and imposed a sentence of four years, consisting of the three-year upper term on the burglary count and one year on the prior prison term enhancement.

On November 30, 2012, appellant filed a timely notice of appeal in which he indicated his appeal was "based on the sentence or other matters occurring after the plea." Insofar as the record reveals, appellant did not request, and the court did not issue, a certificate of probable cause (Pen. Code, § 1237.5).

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

---

[1]    We use the term "strike," in its noun form, as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (Pen. Code, §§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

It was alleged in count 1 of the complaint, to which appellant pleaded no contest, that "on or about between March 12, 2012 and March 13, 2012, [appellant] … willfully and unlawfully enter[ed] a building belonging to Norman Etchison Custom Harvesting, with the intent to commit larceny or any felony …." (Unnecessary capitalization omitted.)[2]

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.

---

[2] No preliminary hearing was conducted and the abbreviated probation officer's report did not contain a summary of the facts of the instant offense.